# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLYE AKINS and LARRY SCHMITZ,<br><br>                                    Plaintiffs,<br>   vs.<br><br>METROPOLITAN HOME MORTGAGE, a business entity form unknown, AMERICAN HOME MORTGAGE SERVICING INC., a business entity form unknown, OPTION ONE MORTGAGE CORPORATION, A California Corporation and DOES 1 to 100,<br><br>                                   Defendants. | **CASE NO. 10-CV-0814 H (CAB)**<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

      On March 8, 2010, Leslye Akins and Larry Schmitz ("Plaintiffs") filed a complaint against Metropolitan Home Mortgage, American Home Mortgage Servicing Inc. ("AHMSI"), and Option One Mortgage Corporation in San Diego Superior Court ("Defendants"). (Doc. No. 1 Ex. 1 ("Compl.").) On April 16, 2010, AHMSI filed a notice of removal. (Doc. No. 1.) On April 23, 2010, AHMSI filed a motion to dismiss Plaintiffs' complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6). (Doc. No. 4.) On April 28, 2010, Plaintiffs filed a motion for a preliminary injunction. (Doc. No. 6.) On May 17, 2010, AHMSI filed a response in opposition to Plaintiffs' motion for preliminary injunction. (Doc. No. 8.) On May 23, 2010, Plaintiffs filed a reply in support of their motion for preliminary injunction. (Doc. No. 11.)

On May 17, 2010, the Court determined that Plaintiffs' motion for preliminary injunction is appropriate for resolution without oral argument and submitted the motion on the parties' papers pursuant to Local Civil Rule 7.1(d)(1). (Doc. No. 7.) On June 4, 2010, the Court issued an order granting AHMSI's motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. (Doc. No. 16.) For the reasons set forth below, the Court denies Plaintiffs' motion for preliminary injunction without prejudice.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009). Plaintiffs' motion for preliminary injunction argues that Plaintiffs are likely to succeed on the merits of their TILA claims and that Defendants lack standing to foreclose on the property. (Doc. No. 6-1 at 4-7.) When granting AHMSI's motion to dismiss Plaintiffs' complaint, the Court explained in detail why Plaintiffs' causes of action under TILA and allegations regarding standing were insufficient to state a claim. (See Doc. No. 16.) Moreover, the Court concluded that Plaintiffs' complaint failed to state a claim upon which relief could be granted for any cause of action. (Id.) For the same reasons set forth in the Court's June 4, 2010 order granting AHMSI's motion to dismiss, the Court concludes that Plaintiffs' have failed to meet their burden of showing a likelihood of success on the merits. Moreover, the Court concludes that Plaintiffs have failed to show that the balance of hardships or the public interest weigh in their favor, as Plaintiffs defaulted on their loan in November 2009 but continue to live on the property without making any payments. (See Doc. No. 4-2 Ex. 2; Doc. No. 8 at 11.) After considering the relevant legal factors and the evidence and argument presented by the parties, the Court

concludes that Plaintiffs are not entitled to injunctive relief at this time and denies Plaintiffs' motion for preliminary injunction.

**IT IS SO ORDERED**.

DATED: June 7, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record